**Ousaine BALDEH, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 10–4615–ag.**

United States Court of Appeals, Second Circuit.

Dec. 13, 2011.

Gary J. Yerman, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROGER J. MINER, REENA RAGGI, SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Ousaine Baldeh, a native and citizen of the Gambia, seeks review of an October 15, 2010, order of the BIA affirming the November 25, 2008, decision of Immigration Judge ("IJ") Gabriel C. Videla denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ousaine Baldeh,* No. A094 824 931 (B.I.A. Oct. 15, 2010), *aff'g* No. A094 824 931 (Immigr. Ct. N.Y. City Nov. 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case. Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

Baldeh argues that the IJ's adverse credibility finding was not supported by the inconsistencies in his testimony. However, as the BIA found, Baldeh's appeal to the BIA did not present any specific challenges to the IJ's adverse credibility finding. Accordingly, we decline to consider Baldeh's challenges to the adverse credibility finding because he failed to exhaust the arguments by presenting them to the BIA in the first instance. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 122 (2d Cir.2007) (reaffirming that this Court "may consider only those issues that formed the basis for [the BIA's] decision").

Because Baldeh's requests for asylum, withholding of removal, and CAT relief shared the same common factual basis, the agency's finding that his testimony was not credible supports the agency's denial of all three forms of relief. *See Paul v. Gonzales,* 444 F.3d 148, 155–56 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).